```
 1                IN THE UNITED STATES DISTRICT COURT

 2                       DISTRICT OF ARIZONA

 3
     UNITED STATES OF AMERICA,    )
 4                                )    CR 09-2343-TUC-FRZ
              Plaintiff,          )
 5   vs.                          )
                                  )    July 21, 2010
 6   YURIS BONILLA-GUIZAR and     )    Tucson, Arizona
     CARLOS ARMANDO CALIXTRO-     )
 7   BUSTAMANTE,                  )
                                  )
 8            Defendants.         )

 9

10                      STATUS CONFERENCE

11
             BEFORE: HONORABLE FRANK R. ZAPATA
12              UNITED STATES DISTRICT JUDGE
              405 W. CONGRESS, COURTROOM 5-A
13                TUCSON, ARIZONA 85701

14

15                      A P P E A R A N C E S

16      FOR THE GOVERNMENT: MS. KRISTEN KELLY, ASSISTANT
     UNITED STATES ATTORNEY.
17
        FOR DEFENDANT BONILLA-GUIZAR: MR. PETER HORMEL,
18   ATTORNEY AT LAW.

19      FOR DEFENDANT CALIXTRO-BUSTAMANTE: MR. JESUS ROMO
     VEJAR, ATTORNEY AT LAW.
20
        THE INTERPRETER: MR. JUAN RADILLO.
21

22                      Dianne Davenport
                   405 W. Congress, Suite 1500
23                    Tucson, Arizona 85701
                         (520)205-4266
24

25    Proceedings prepared by computerized realtime translation
```

```
 1                    P R O C E E D I N G S
 2              (Call to order of court, 8:55 a.m.)
 3              THE CLERK:  Criminal case CR 09-2343, United States of
 4   America versus Yuris Bonilla-Guizar and Carlos Armando
 5   Calixtro-Bustamante, on for status conference.
 6              MS. KELLY:  Good morning, Your Honor.  Kristen Kelly
 7   on behalf of the United States.
 8              THE COURT:  Good morning.
 9              MR. ROMO VEJAR:  Good morning.  Jesus Romo on
10   behalf of Carlos Calixtro-Bustamante, who is present, in custody.
11              THE COURT:  Good morning.
12              MR. HORMEL:  Peter Hormel for Mr. Bonilla.  He likewise
13   appears in custody.
14              THE COURT:  Good morning.
15              Mr. Romo, this is your motion.  Do you wish to be heard?
16              MR. ROMO VEJAR:  Yes, sir.
17              Your Honor, this case has been lingering for a while.  We
18   had two material witnesses that were scheduled to be deposed.  At
19   some point we objected to the deposition and the depositions were --
20   the notice was terminated.
21              At some point during this last month, we received
22   another notice for a third witness, Mr. German Gonzalez-Sandoval.
23   Mr. German Gonzalez-Sandoval was not listed as a material witness.
24   At the time that I did the appeal, I had no idea that there had been an
25   ex parte motion to the court asking that he be designated as a
```

1   material witness.

2            Nothing was said at the time of the hearing.  But
3   apparently there was such a request -- an ex parte request asking that
4   he be designated as a material witness.

5            The problem that we have with this gentleman, Your
6   Honor, is that he was picked up with my client at another location,
7   with Mr. Calixtro, not at the house where purportedly two people were
8   held that are the two material witnesses but at another location.

9            He was then charged with transportation based I
10  suppose on questioning of this witness.  Transportation of marijuana.
11  The corpus delicti for that case is nonexistent.  It was destroyed by --
12  apparently by Mr. Gonzalez himself.

13           But he was threatened, it appears, that if he did not
14  plead guilty to that charge, he would be charged with this case.  And if
15  he did not appear and testify, he would be charged with this case.
16  That's the extent of the knowledge that I have of this situation, Judge.

17           Given the circumstances of the case, I would -- if indeed
18  the court is inclined to have the gentleman be deposed, I would ask
19  that he be deposed in front of a judge.

20           Why is that, Judge?  We have a scheduled trial in
21  September.  It is unlikely that these men will be released.  So I don't
22  think he's an unavailable witness.  He has a plea offer, but that plea
23  offer, he has not accepted it yet.

24           If he accepts the plea offer, it is unlikely that he would
25  be sentenced until sometime in September.  And if he is sentenced,

1  then he might be deported.  He will be in immigration proceedings for
2  another week to ten days.  So he's not an unavailable witness.  He's a
3  witness that the government could certainly present.
4  　　　　　I suspect, Judge, that if we have this witness deposed
5  that there would be a lot of contradictions and a lot of things that
6  would be important to us.  If we have him deposed under
7  circumstances like we have right now, I don't think that the jury will
8  really be cognizable of what is really going on in this case.
9  　　　　　If we have the formality of the court with him as a
10 witness at the stand and a judge present, I think that would probably
11 be a lot better, Your Honor, so we can make objections, we can do all
12 sorts of things.
13 　　　　　The government has said that they are doing this to help
14 us.  Well, we don't need that kind of help, Judge.
15 　　　　　And it is interesting.  I was thinking about it last night.
16 As I lay thinking about this case, we have several material witnesses
17 that are kept by the government in cases where it is to the
18 government's interest to keep them.
19 　　　　　And I have plenty of cases, Judge, where witnesses who
20 would be important to the defendant are summarily deported
21 immediately.  That same consideration is never given.  I don't believe
22 that consideration is being given right now, Judge.
23 　　　　　For all those reasons, Your Honor, I would like you to
24 please consider this situation and see if we could have a judge hear
25 this deposition or not have the deposition take place and wait until

1  trial.
2           Trial is coming up, Judge.  It is in September.  I think
3  that this witness would be available for trial.
4           That is all, Your Honor.
5           THE COURT:  Mr. Romo, does it surprise you the
6  government keeps witnesses favorable to their case?
7           MR. ROMO VEJAR:  It surprised me they keep the
8  witness and they don't give us the same -- I think the constitution,
9  ethics and every consideration of a fair trial -- I have cases, Judge,
10 where the only witnesses to an illegal reentry, to the true
11 circumstances of the illegal reentry are people who are summarily
12 deported.  And they know that those people could be witnesses.
13          I'm talking about these kind of cases, Judge.  It does
14 surprise me because I do feel that the government in its wisdom
15 should work to uphold the constitution.
16          THE COURT:  Thank you.
17          Ms. Kelly, how many witnesses do you have at this point
18 that are set for deposition, only Mr. Carlos Calixtro-Bustamante -- or
19 there is Mr. Sandoval -- I'm sorry.  Is it Mr. Sandoval in
20 Mr. Bustamante's case?
21          MS. KELLY:  It is just German Gonzalez-Sandoval.  He's
22 the only material witness that has been declared as somebody set for
23 deposition.
24          Before I took over this case in April, it was litigated.  The
25 two victims, of course, are material witnesses, but they already

1  litigated the issue of not taking their deposition.  And it is the
2  government's understanding they will be available for trial.
3              THE COURT:  Very well then.  This matter will be set for
4  deposition of Mr. German Gonzalez-Sandoval before this court on --
5              MS. KELLY:  It is set right now I believe at 8:30 a.m. on
6  the 12th -- 8:30 a.m. on the 27th, next Tuesday.
7              MR. ROMO VEJAR:  We are open for a change of date,
8  Your Honor, not a problem.
9              MS. KELLY:  So is the government, Your Honor.
10             THE COURT:  This deposition of Mr. German Gonzalez-
11 Sandoval will take place before this court in this courtroom on July 27,
12 2010, at 9:30 a.m.
13             Anything further?
14             MR. ROMO VEJAR:  No, Your Honor.
15             (The proceedings concluded at 9:05 a.m.)

|    |    |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | C E R T I F I C A T E |
| 7 | |
| 8 | |
| 9 | |
| 10 | I, Dianne Davenport, certify that the foregoing is a correct |
| 11 | transcript from the record of proceedings in the above-entitled matter. |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | /s/  Dianne Davenport                    November 16, 2011 |
| 17 | |
| 18 | |