```
 1                   UNITED STATES DISTRICT COURT

 2                        DISTRICT OF ARIZONA

 3

 4  UNITED STATES OF AMERICA,        )
                                     )
 5             Plaintiff,            )
                                     )
 6  vs.                              )   CR-09-2343-TUC-FRZ
                                     )
 7  YURIS BONILLA-GUIZAR and         )
    CARLOS ARMANDO CALIXTRO-BUSTAMANTE,)
 8                                   )
               Defendants.           )   Tucson, Arizona
 9  _____)   February 11, 2010

10
                  TRANSCRIPT OF MOTION HEARING
11            BEFORE THE HONORABLE FRANK R. ZAPATA
                 UNITED STATES DISTRICT JUDGE
12

13  APPEARANCES:

14  On Behalf of the Plaintiff:    Mr. Munish Sharda
                                   Assistant U.S. Attorney
15
    On Behalf of Defendant         Mr. Peter Hormel
16  Bonilla-Guizar:                Attorney at Law

17  On Behalf of Defendant         Mr. Jesus R. Romo Vejar
    Calixtro-Bustamante:           Attorney at Law
18
    On Behalf of the               Ms. Rosemarie Valdez
19  Material Witnesses:            Asst. Federal Public Defender

20  Interpreter:                   Mr. Juan Radillo

21

22  Court Reporter:                Aaron H. LaDuke
                                   Official Court Reporter
23                                 U.S. District Court
                                   405 W. Congress St.
24                                 Tucson, AZ  85701

25
```

```
 1                      P R O C E E D I N G S
 2          THE CLERK:  Criminal case 09-2343, United States of
 3  America versus Yuris Bonilla-Guizar and Carlos Armando
 4  Calixtro-Bustamante, on for motion hearing.
 5      Counsel, please state your appearance.
 6          MR. SHARDA:  Good morning, Your Honor.  Munish Sharda
 7  for the United States.
 8          THE COURT:  Good morning, Mr. Sharda.
 9          MR. ROMO:  Good morning, Your Honor.  Peter Hormel
10  for Mr. Bonilla.  He appears in custody and is assisted by the
11  Court's interpreter.
12          THE COURT:  Good morning, Mr. Hormel.
13          MR. ROMO:  Good morning, Your Honor.  Jesus Romo on
14  behalf of Mr. Carlos Calixtro, who is present, in custody.
15          THE COURT:  Good morning, Mr. Romo.
16          MS. VALDEZ:  And good morning, Your Honor.  Rosemarie
17  Valdez on behalf of the two material witnesses in this case.
18  Your Honor, I would waive their presence for the purposes of
19  this hearing only.
20          THE COURT:  Good morning and thank you.
21      Mr. Hormel, this is your motion to continue the trial in
22  this matter.
23          MR. HORMEL:  That's correct, Your Honor.
24      As stated in my motion, the material witness depositions
25  have been scheduled for March, and I think -- and this case
```

1  started as a case against my client, and Mr. Calixtro was
2  thereafter added later.  We had then set the material witness
3  depositions sometime out because there had been some time
4  passing between the disclosure that had to be redacted, and
5  there were several hundred pages of disclosure.  Those
6  witnesses -- those depositions were set at a time in order
7  to allow us preparation and investigation.  Our investigation
8  is proceeding.  We have done a fair amount of work.  I have an
9  investigator working with me on this case.  But it was always
10 assumed that the trial date would occur after the depositions.
11      Now co-counsel has raised the issue that perhaps it would
12 be better to just have the material witnesses testify at the
13 trial since they've been paroled into the country and are not
14 incarcerated at this time.  I think I agree with that
15 position.  However, I am not ready to go to trial on Tuesday.
16 Our preparation has always been with the focus of being ready
17 on the March 8th and 9th dates.
18      I will tell the Court I am leaving the country this
19 afternoon for travel related to a family emergency.  My mother
20 is very ill.  I plan to be back on Monday, but that's not sure
21 at this point.  There is simply no way for me to be ready for
22 trial on Tuesday.  You know, preparation and investigation
23 still needs to occur.
24      I assume that the parties will be able to resolve this
25 issue regarding whether we need a witness deposition or

1  whether the witnesses can just come to trial, but the trial
2  date of Tuesday is not feasible for me.
3           THE COURT:  Well, in terms of whether or not there's
4  a material witness deposition, Judge Edmonds ordered that a
5  deposition take place and set the deposition for March 8th and
6  9th.  Obviously, the parties can take the depositions.
7  There's an order there from Judge Edmonds.  But if these
8  people are still here, then obviously the deposition won't be
9  able to be used at trial because what it requires is that the
10 deposed individual not be available to testify.  So I don't
11 see that that's -- but the order is there.  You can take the
12 depositions if you wish, I guess on the off chance that these
13 people run away before the trial and won't be available, but
14 at trial it's going to require live witnesses if those people
15 are still available.
16      Mr. Romo, you objected to this motion for a continuance.
17 Do you wish to be heard regarding that issue?
18           MR. ROMO:  Yes, sir.
19      Well, having heard Mr. Hormel and his reasons for not
20 being able to attend the deposition, I withdraw my objection
21 to the continuance, Your Honor.  If he's got an emergency,
22 obviously I would not object.
23      However, Your Honor, I would object strenuously to having
24 a video deposition on available witnesses unless those
25 witnesses will be made available at trial as well.  A video

1  deposition is by its nature done only for people who are
2  incarcerated and as a courtesy, I believe, Judge, by this
3  Court so that they can return to their home countries.  It is
4  not done in many jurisdictions.
5       Generally, Judge, I have been in those depositions.  They
6  are controlled by the government.  The government in charge in
7  this case, it would be Munish.  He controls the video camera.
8  The people that are in the courtroom, witnesses are
9  not allowed.  They are not open to other people, third
10 parties.  There are officers there to exclude anyone from
11 coming in.
12      Generally, Judge, when I've been there, the officers that
13 investigated the case are allowed to be in there, and we have
14 to make objections to get them out, and the demeanor of the
15 witnesses is subject to the intimidation that they feel being
16 at the behest of the United States government prosecutor.  The
17 clerk comes in and generally what he or she does is swear them
18 in, and that's it, Judge.
19      For those reasons, Your Honor, I believe that if a
20 continuance is to be granted and we have depositions scheduled
21 for the 8th and 9th -- and I don't know what Your Honor's
22 schedule is.  If we could schedule the trial for that date,
23 that would be perfect in the sense that this is not a trial,
24 Judge, that I believe would last more than three days, and we
25 can kill two birds with one stone.

1       That's all, Your Honor.  Thank you.
2            THE COURT:  Thank you.
3       Mr. Sharda, what's your position regarding the
4  continuance in this matter?
5            MR. SHARDA:  Your Honor, the government does not
6  object to the continuance.  If the Court would like me to
7  address the March 8th issue --
8            THE COURT:  Yes.
9            MR. SHARDA:  Right now, Your Honor, the main case
10 agent in the case who was originally assigned the case is now
11 being moved to D.C.  I recognize that if this goes to trial,
12 he will be back.  He is going on Monday house-hunting until
13 the 18th of February and then coming back to Arizona to take
14 his family back and, I assume, would be situated by the 8th,
15 although I don't know the answer to that since that wasn't
16 discussed based on the motion by counsel.
17      I would note, Your Honor, I don't know how long the trial
18 will take, in part because on Friday Mr. Romo had provided me
19 eight witnesses that he indicates that he will likely have
20 testify to contradict what at least one, if not both, material
21 witnesses stated.
22      We had discussions, Mr. Romo and I, about the possibility
23 of witnesses that he was investigating.  I didn't have any
24 names.  He indicated some of these individuals were in the
25 house.  I obviously just needed to know who they were and a

```
 1  brief summary.  I got that on Friday.  I don't know how long
 2  those witnesses will be, and I bring that to the
 3  Court's attention because at this point I do have a March 23rd
 4  firm trial date before Judge Collins in a rollover case and
 5  which I suspect will last at least a week or two, assuming
 6  that case goes to trial.
 7       I just notify the Court of that because there's the
 8  potential problem.  If we have seven or eight defense
 9  witnesses, we may have rebuttal witnesses based on what those
10  witnesses say.  I don't anticipate -- I think two days is
11  actually probably not likely.  It will take us at least half a
12  day to pick a jury.  I would expect it would take at least a
13  week, if not longer, if we actually have all of the defense
14  witnesses.
15            THE COURT:  Well, what's the situation with the
16  depositions on March 8th and 9th?
17            MR. SHARDA:  Your Honor, I believe the Court is
18  correct.  At this point, you just never know what material
19  witnesses will do.  Part of the government's reason for
20  setting the deposition dates is that sometimes, even though
21  they may be paroled in the United States, at this point they
22  are talking to our agents and to material witness counsel on a
23  regular basis.  We know where their whereabouts are, but you
24  just never know.  So if we deposed them as the Court
25  indicated, if they decide not to show up, then we would
```

1  obviously have testimony.
2       In addition, you know, the purpose of paroling them in
3  the United States is so that they weren't put in custody for
4  extended periods of time.  I will have to assess as to whether
5  or not to pull the parole documents unless the Court orders
6  that I not do that.
7            THE COURT:  Well, I think if you've got them here, I
8  think that it would be unfair for you to take a deposition and
9  then get rid of your live witnesses after you've got their
10 deposition if they are not in custody.  There's no reason then
11 why -- the deposition has been ordered by Judge Edmonds.  I'm
12 not going to change that order.  It's there.  You can take
13 their deposition if you want, but I think that if you get rid
14 of these witnesses after that deposition, the defense is going
15 to come in with a motion to dismiss; and I think at that
16 point, under the law, that motion may be well-taken.
17           MR. SHARDA:  And, Your Honor, I didn't mean to
18 suggest that I wouldn't either, one, notify counsel and the
19 Court or that I was intending to essentially make the
20 witnesses unavailable.  My point was that I would have to
21 determine that and I would certainly let everybody know.
22      In any event, the main purpose of doing the depositions,
23 as the Court indicated, sometimes witnesses don't show up even
24 when they are paroled in, and so obviously then a motion to
25 dismiss could occur.

```
 1              THE COURT:  If they don't show up on their own
 2   accord --
 3              MR. SHARDA:  Right.
 4              THE COURT:  -- that's one thing.  If they don't show
 5   up because the government's removed them, that's quite
 6   another.
 7              MR. SHARDA:  And I didn't mean to imply that, Your
 8   Honor, at all.
 9         So in terms of the March 8th date, I think that it would
10   be prudent still to continue.  I don't anticipate filing a
11   motion to push back those depositions.  I anticipated taking
12   them and then seeing essentially what would happen and whether
13   or not they would show up at a later day.
14              THE COURT:  At this point, I could not try a case on
15   March 8th.  I've got a murder case that's going to take two
16   weeks starting the 1st of March, taking us all the way through
17   to mid-March, so we are probably looking at sometime towards
18   the end of March.  And you say you've got a trial that's going
19   for sure on the 23rd of March.  Then it looks like we're
20   looking at sometime in April for this trial.
21              MR. HORMEL:  Your Honor, I have a trial starting -- I
22   believe it's in this courtroom -- on the 20th of April.  Prior
23   to that, April is free.
24              THE COURT:  So your trial that starts on the 23rd
25   would be done by the end of March then, so I would think that
```

1  either the 6th or the 13th -- the 6th would probably be the
2  best day of April, unless I have a trial that's for sure going
3  on that date.  I know we have a lot of stacked-up trials now.
4             MR. HORMEL:  The 6th of April is fine with me, Your
5  Honor.
6             THE COURT:  Mr. Romo?
7             MR. ROMO:  I'm fine with both dates, Judge.
8             THE COURT:  All right.  Thank you.
9             MR. SHARDA:  Same with the government, Your Honor.
10 Thank you.
11            THE COURT:  All right.  Then the motion to continue
12 will be granted.  This matter will be set for trial on
13 Tuesday, March 6th, 2010, at 9:30 a.m.  The plea deadline, if
14 there is to be a plea, will be -- the plea deadline will be
15 March 19th in this case.
16            MR. SHARDA:  Your Honor, I think the Court said March
17 6th.  I assume the Court meant April 6th.
18            THE COURT:  I'm sorry.  Let me start over again.
19 This matter will be continued to Tuesday, April 6th, 2010.
20 The plea deadline will be March 19th.
21      Excludable delay will be found in this case based on the
22 fact that a motion from the defense has been filed.  The
23 objection to that motion has been withdrawn.  The Court finds
24 that a failure to grant the motion would result in a
25 miscarriage of justice given the situation of Mr. Hormel in

this case, also the fact that we have set already depositions for the 8th and the 9th of March.

    Mr. Sharda, is there anything further at this time?

        MR. SHARDA: No, Your Honor. I just wanted to be clear to the Court and counsel, I wasn't intending to try to make the witnesses unavailable for any reason. I just wanted that to be clear.

        THE COURT: I understand that.

        MR. SHARDA: But otherwise, nothing else. Thank you, Your Honor.

        THE COURT: Very well.

    Mr. Romo?

        MR. ROMO: No. Thank you, Your Honor.

        MR. HORMEL: Nothing else, Your Honor.

        THE COURT: Ms. Valdez?

        MS. VALDEZ: No, Your Honor. Thank you.

        THE COURT: Thank you. Then, counsel, we'll stand at recess.

    (Court recessed at 10:20 a.m.)

```
 1                    C E R T I F I C A T E
 2            I, Aaron H. LaDuke, do hereby certify that I
 3   reported the foregoing proceedings to the best of my skill
 4   and ability, and that the same was transcribed by me via
 5   computer-aided transcription, and that the foregoing pages
 6   of typewritten matter are a true, correct and complete
 7   transcript of all the proceedings had, as set forth in the
 8   title page hereto.
 9            Dated this 5th day of December, 2011.
10
11
12                              _____s/Aaron H. LaDuke_____
                                 Aaron H. LaDuke, RMR, CRR
13                                 Official Court Reporter
```